## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**LILLIAN ADKINS, WIDOW,**
**ROBERT L. ADKINS, DECEASED**
**Claimant Below, Petitioner**

**FILED**

May 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)     No. 11-1255** (BOR Appeal No. 2045594)
                              (Claim No. 860043112)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**BECKLEY COAL MINING COMPANY,**
**Employer Below, Respondent**

### RECOMMENDED MEMORANDUM DECISION

Petitioner Robert L. Adkins, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Insurance Commissioner of West Virginia as Administrator of the old Fund, by Jon H. Snyder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 10, 2011, in which the Board affirmed a February 15, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 6, 2008, order. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

In this case, Mr. Adkins worked for a time as a coal miner for Beckley Coal Mining Company. On February 17, 1987, Mr. Adkins was awarded a 20% pulmonary functional impairment attributable to occupational pneumoconiosis. Mr. Adkins had an extensive history of smoking. Mr. Adkins died on November 30, 2007. The cause of death was cardiorespiratory arrest, COPD, coal workers pneumoconiosis with other conditions of hypoxia and right hilar mass. Mr. Adkins's wife, Lillian Adkins, filed a claim for dependent's benefits. On September 3, 2008, the claims administrator denied dependent's benefits because occupational pneumoconiosis was not a contributing factor in Mr. Adkins's death.

On July 3, 2008, the Occupational Pneumoconiosis Board reviewed the claim and concluded that Mr. Adkins's occupational pneumoconiosis was not a material factor in his death. Mrs. Adkins disagrees and argues that the evidence shows that occupational pneumoconiosis contributed to the death of Mr. Adkins. Dr. Rasmussen and Dr. Gaziano were of the opinion that Mr. Adkins's death was a result of a combination of his occupational pneumoconiosis, due to coal dust, and a lifetime of smoking.

Dr. Fino reviewed the claimant's medical records and stated with a reasonable degree of medical certainty that the coal mine dust and inhalation did not contribute to Mr. Adkins's death; that he would have died when and how he did if he had never worked in the coal mines. Dr. Kinder, the chairperson of the Occupational Pneumoconiosis Board, was of the opinion that the mass which caused Mr. Adkins's death was more likely the result of his history of being a smoker. Dr. Kinder believed that the occupational pneumoconiosis would not have caused the cancer.

The Office of Judges found that a preponderance of the evidence supports a finding that occupational pneumoconiosis did not play a material contributing role in Mr. Adkins's death. The Office of Judges noted that Mr. Adkins had a significant smoking history and residual diseases clearly attributable to his smoking, including COPD. The Board of Review reached the same conclusion. We agree and find the Office of Judges was not clearly wrong in ruling that occupational pneumoconiosis did not contribute to the Mr. Adkins's death in a material way.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 16, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II